# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CRUM STAFFING, INC., CRUM
STAFFING II, INC., CRUM
RESOURCES, INC., AND CRUM
RESOURCES II., D/B/A CRUM
SERVICES, INC.
        Plaintiffs,

                                          Case No.: 8:06-CV-1222-T-17TGW

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
        Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION STAY ACTION SUBJECT TO ARBITRATION AND TO COMPEL ARBITRATION

    This cause is before the Court pursuant to Defendant's, National Union Fire Insurance Co. of Pittsburgh ("National Union"), Motion to Stay Action Subject to Arbitration and to Compel Arbitration (Docket No. 4), filed July, 10, 2006. The Response (Docket No. 7) was filed on July 20, 2006, by Plaintiff Crum Staffing, Inc. ("Crum"), with National Union filing a reply (Docket No. 11) on August 4, 2006.

## BACKGROUND

    Crum operated a Professional Employee Organization ("PEO") business where, for a fee, Crum would lease its employees to its client employers, all of which were involved in a variety of different business industries. Crum assumed responsibility for the wages of its employees, but more importantly, the worker's compensation insurance for the clients' leased employees. In order to fulfill this contractual responsibility of providing workers' compensation, Crum contracted with National Union for it to write and provide workers' compensation coverage for Crum's PEO clients – clients within the state of Florida and elsewhere throughout 47 other states.

Crum's complaint (Docket No. 2) prays for (i) declaratory relief; (ii) money damages for an alleged breach of contract; (iii) money damages due to defamation emanating from the cancellation notices sent by National Union to Crum's clients; and (iv) the court to temporarily and permanently enjoin National Union from making any further statements containing defamatory remarks. This entire dispute started when National Union suspended Crum's authority to present National Union with new business from Crum's PEO program allegedly due to a series of risk and reporting irregularities or deficiencies. The coverage was eventually restored to Crum, but not without substantial protest.

It is important to note that the insurance policy between Crum and National Insurance contains four sections, all of which make the contract a whole. The Arbitration Clause is found in the Payment Agreement section of the contract, and states that arbitration will proceed when there is a dispute specifically concerning payment obligations, as well as *"[a]ny other unresolved dispute arising out of this agreement…."*

National Insurance now seeks a ruling to stay this current federal complaint brought by Crum, and to compel arbitration based on Crum's four causes of action.

## DISCUSSION

The main issue in front of this Court is whether said irregularities and deficiencies, as well as the other claims asserted by Crum in its complaint (Docket No. 2), fit within this broad language of the Arbitration Clause, as well as if it falls within the guise of the Federal Arbitration Act ("FAA"). Several other arbitration issues are discussed, including attorney's fees, punitive damages, and the McCarran-Ferguson Act.

### I. Contract Language and the Application of Federal Arbitration Act

The Federal Arbitration Act presumes that courts will abide by contractual arbitration agreements, and provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid,

> irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2000). In sum, the FAA makes enforceable a written arbitration provision in a contract that involves the use of interstate commerce. Congress enacted this law in order to put an end to the longstanding judicial hostility of arbitration agreements that existed during early English common law, while at the same time placing these agreements "upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).

As accurately stated by the Movant, since this Action involves interstate commerce (Crum and National Insurance conduct their business relationship in 48 states) – and because the Payment Agreement expressly provides for arbitration in accordance with the FAA – the FAA shall apply to this case. Accordingly, the FAA establishes that any doubts concerning the scope of arbitrable issues "should be resolved in favor of arbitration…" *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). The Eleventh Circuit favors such liberal construction of federal arbitration policy. *Jenkins v. First American Cash Advance of Georgia*, 400 F.3d 868, 874 (11th Cir, 2005).

Although construing the FAA in a liberal manner, the Court still must look at the specific facts at issue concerning this Action. This Court reads the phrase "[a]ny other unresolved dispute arising out of this agreement…." – which is found in the Payment Agreement portion of the insurance policy – to be broad enough to cover not only payment disputes, but also to encompass the other four claims asserted by the Plaintiff. Absent language to the contrary, this Court feels it is necessary to enforce the Arbitration Clause set forth between the two parties. The FAA "leaves no place for the exercise of discretion, but instead mandates that district courts <u>shall</u> direct the parties to proceed to arbitration." *Hudson Global Resources Mgt. v. Beck*, 2006 WL 1722353, at *3 (M.D. Fla. June 20, 2006) (quoting *Dean Witter Reynolds, Inc., v. Byrd*, 470 U.S. 213 at 218 (1985) (emphasis in original)).

Even the Plaintiff concedes that these four segments "unitedly created the policy of insurance" between the parties (Docket No. 7, Page 8). As a result, the Arbitration Clause should encompass all disputes arising out of this agreement, including all four of the issues raised in Crum's complaint, and not just issues dealing with payment. Furthermore, a closer examination of Page 8 of the Payment Agreement allows one to notice the heading that precedes the "arising under" language, and that heading asks: ***"What about disputes other than disputes about payment due?"*** The answer clearly states "arbitration" is the method to pursue, and that is why the supposed ambiguity of this entire clause is non-existent. This Court sees no compelling reason why it should alter the words or meaning of this bargained-for contract between Crum and National Insurance.

## II. **Attorney's Fees**

Crum, however, raises another important issue. This Court must look at the following language and decide whether it voids the Arbitration Clause in its entirety:

> *<u>Expenses of Arbitration</u>: You and we must each bear the expense of our respective arbitrator and must jointly and equally bear with each other the expense of the third arbitrator and of the arbitration.*

Crum argues that this provision is unlawful and prevents it from exercising its statutory remedies as prescribed by Florida's insurance code mainly because this clause limits attorney's fees. If this clause explicitly limited attorney's fees, which it does not, then Crum would certainly have a claim for invalidating the Arbitration Clause in its entirety because, in essence, that clause would limit the statutorily-prescribed remedies of attorney fees. Fla. Stat. § 627.428(4) (2006). In fact, if Crum prevails in arbitration, it is not precluded from requesting this Court to confirm the arbitration award and to grant it a reasonable amount of attorney's fees.

## III. **Punitive Damages**

Similar to its argument concerning attorney's fees, Crum asserts that there is unlawful limitation of its statutory remedies, but this time in the context of punitive damages. The Arbitration Clause states:

> *However, they will not have the power to award exemplary damages or punitive damages, however denominated, whether or not multiplied, whether imposed by law or otherwise.*

Although this language has the potential to be an issue in the future, this Court is not inclined to negate the entire Arbitration Clause as of this moment. This issue is not yet ripe; Crum has not alleged a claim seeking punitive damages, and it is very likely that Crum's existing claims do not support a claim for such damages.

IV. **McCarran-Ferguson Act**

This Court declines to address the issue concerning the McCarran-Ferguson Act due to its lack of relevance to the case at bar. Accordingly, it is

**ORDERED**, that the Motion Stay Action and Subject to Arbitration and to Compel Arbitration be **GRANTED**; the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending the completion of the arbitration between the parties.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 9th day of November, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record